The third is, that "said Beardsley had an interest in the property in, and the business conducted at, the saloon at 36 Liberty street, city of New York, at the time of making and filing said petition, of the value of $3,000, and the said business was and is carried on for his sole benefit. The fifth is, that "the business at said saloon is pretended to be conducted in the name of one Pope, but really for the benefit of said Beardsley, with intent to defraud said creditors," that is, creditors existing at the time of filing his petition. Although the third, standing by itself, might be open to the objection that it does not aver any wilful, fraudulent, or negligent omission by the bankrupt, in respect to the property referred to, yet I think the third and fifth, taken in connection with each other and with the petition and schedules, present triable matters. The third must be read in connection with the fifth, and the omissions and acts referred to in them must be regarded as being averred to have been made and done with intent to defraud creditors existing at the time of filing the petition, and

[NOTE. Subsequently the discharge was granted. See Case No. 1,184.]

## Case No. 1,184.

### In re BEARDSLEY.

[1 N. B. R. 457. (Quarto. 121;) 1 Am. Law T. Rep. Bankr. 94.]

District Court, S. D. New York. 1868.

BANKRUPTCY—ASSETS—INTEREST IN PROFITS—DISCHARGE.

[1. The owner of a saloon entered into an arrangement with one B., by which the latter was to conduct the business in his own name, and receive one-half of the net profits as his compensation therefor. *Held*, that B.'s interest in the business was not property that he was bound to set out in his inventory as a bankrupt.]

[2. Before B. became a bankrupt, one of the purchase-money notes given by the owner for the saloon was, by his direction, paid out of the proceeds of the business. *Held* that, in order to claim an indebtedness on this account to B., who denied that any such indebtedness existed, the burden is on his creditors to show that the note was paid out of net profits in which B. had an interest.]

[3. Even if the note was paid out of net profits, and B.'s share thereby reduced, this would not give him any interest in the property itself with which the business was carried on.]

[In bankruptcy. On application of Alfred Beardsley for a discharge in bankruptcy, which is opposed by a creditor. Reference was made to the register to take testimony as to the ground of opposition specified. See Case No. 1,183. Opposition overruled, and discharge granted.]

Edward James, for bankrupt.
S. F. Higgins, for creditor.

BLATCHFORD, District Judge. The petitioner set forth in his petition that he had no assets or property. His discharge is opposed by a creditor, who has filed eight specifications of the grounds of his opposition. Six of these have been heretofore held by this court not to be in proper form to be triable. The third and fifth alone are in issue. The third is that "said Beardsley had an interest in the property in, and the business conducted at the saloon at Liberty street, city of New York, at the time of making and filing said petition, of the value of three thousand dollars, and the said business was and is carried on for his sole benefit." The fifth is, that "the business at said saloon is pretended to be conducted in the

name of one Pope, but really for the benefit of said Beardsley, with intent to defraud said creditors." These specifications are quite loosely drawn, but taken together and in connection with the allegation in the petition that the bankrupt has no assets, they may be regarded as averring that the bankrupt has concealed his interest in the property at the saloon, with a view to defraud his creditors, and has been guilty of fraud in not delivering such property to his assignee, it having belonged to him at the time he presented his petition and inventory. The evidence, however, falls entirely short of showing that the bankrupt had any interest in the property at the saloon, either the furniture or the lease of the premises. On the contrary the proof is satisfactory, that the lease and the furniture were bought from one Taylor by Pope on his own account and as his own property exclusively, under an arrangement whereby the bankrupt was to take charge of the business of the establishment and give it the use of his name, taking one half of the net profits as his compensation. This arrangement was made early in March, 1867. Pope paid $3,-000 for the lease and furniture, giving $2,000 in cash and his three notes amounting to $1,000 in the aggregate. The notes were of two, four, and six months. Their several amounts are not stated, but it is assumed that each was for $333.33. The name of the bankrupt was used over the saloon. The petition was filed June 12, 1867. Only one of these notes fell due before the petition was filed. That note and the two notes which fell due after the petition was filed, were paid out of the receipts of the saloon by the direction of Pope. It is claimed by the creditor that the payment, out of such receipts, of the note which fell due before the petition was filed, had the effect, inasmuch as the one half of the money (it being assumed that such money was net profits of the establishment) belonged to the bankrupt, to constitute the bankrupt, to the extent of the one half of the amount of such note, an owner in the property of the saloon. But this is not so. If the $333.33 used to pay the note was net profits of the business, and if the one half of it, that is, $166.66, belonged to the bankrupt, and was thus used to discharge a debt of Pope's with the knowledge and consent of Pope, the effect of the transaction would merely be to make Pope debtor to the bankrupt for the amount. It would not give to the bankrupt any ownership in the property for the purchase of which the note was given.

The allegation that the bankrupt had an interest in the business carried on at the saloon is true, although it is not true that it was carried on for his sole benefit. But that interest was not property which he was bound to set forth in his inventory, unless it had resulted at the time in money or something tangible which he then possessed. The right to his share of the net profits was not property, any more than the right of a clerk who has a stated salary, to continue to receive such salary, is property, which he is bound to set forth in his inventory as a bankrupt. As to the allegation that the business at the saloon was pretended to be conducted in the name of Pope, but really for the benefit of the bankrupt with intent to defraud his creditors, the business seems to have been conducted, so far as the public could see, in the name of the bankrupt, his name being over the saloon. This would have led rather to the belief by the public and the creditors of the bankrupt, that the property at the saloon belonged to the bankrupt, when in fact it did not; and there was nothing in it calculated to defraud or showing any intent to defraud his creditors.

- This disposes of the specifications. I have assumed that the note referred to was paid out of the net profits of the business. Unless it was, then no part of the property of the bankrupt went towards paying it, and Pope did not become thereby a debtor to the bankrupt, so as to be his debtor at the time the petition was filed, and make it incumbent on the bankrupt to set out such debt due from Pope as an asset in his inventory. But the only evidence is that the note was paid out of the receipts of the saloon. The creditor does not show that it was paid out of the net profits. It does not appear what was the state of the accounts between the bankrupt and Pope when the petition was filed. It is incumbent on the creditor to show that such debt from Pope existed as an asset. The bankrupt swears that he had no claims due him, that he knows of, at the time when he filed his petition. It is for the creditor to show that he had. These remarks are made as if there was an allegation in the specifications that the bankrupt had wilfully sworn falsely in the oath to his inventory, in omitting his debt from Pope. But there is no such allegation. The case is not a proper one for withholding a discharge, and one will be granted whenever the register shall certify that the bankrupt has in all things conformed to his duty under the act, and has conformed to all the requirements of the act, except as in the particulars embraced in such specifications.

———

BEARDSLEY, (GODFREY v.)    See Case No. 5,497.

BEARDSLEY, (GRANNIS v.)    See Case No. 5,688.

BEARDSLEY, (KIRBY v.)    See Case No. 7,-837.